VAN NORTWICK, J.,
concurring in part and dissenting in part.
I agree with the majority that the petition for writ of mandamus should have been granted. I dissent with respect to the award of attorney’s fees to petitioner. Section 120.595(5), Florida Statutes (2005), provides that when there is an appeal, the court may award reasonable attorney’s fees and costs “to the prevailing party if the court finds ... that the agency action which precipitated the appeal was a gross abuse of the agency’s discretion.” Here, the Board of Professional Engineers did not exercise its discretion when it failed to act on the petition for formal hearing within 15 days of receipt. Instead, the Board failed to perform the ministerial duty of ruling on the petition for formal hearing.[1] The Board will exercise its discretion when it determines whether to grant or deny the petition for formal hearing. The failure to ministerially rule on the petition cannot be “a gross abuse of discretion” under section 120.595(5). Compare, Residential Plaza At Blue Lagoon, Inc. v. Agency for Health Care Admin., 891 So.2d 604 (Fla. 1st DCA 2005) (granting attorney fees where the court found that the agency grossly abused its discretion by denying renewal of a license, refusing to grant a formal hearing on the denial and failing to respond to substantive arguments on appeal).

. “Mandamus does not lie to compel the exercise of discretion in a particular fashion or to establish a right.” Marshall v. State, 838 So.2d 702, 703 (Fla. 5th DCA 2003).